**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JERRY VANDIVER,

        Plaintiff,        CIVIL ACTION NO. 08-CV-10483-BC

 VS.        DISTRICT JUDGE THOMAS L. LUDINGTON

KENNETH A. ROMANOWSKI,    MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
_____

JERRY VANDIVER,

        Plaintiff,        CIVIL ACTION NO. 08-CV-10507-DT

 VS.        DISTRICT JUDGE MARIANNE O. BATTANI

BRIAN DOUGLAS,    MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____

JERRY VANDIVER,

        Plaintiff,        CIVIL ACTION NO. 08-CV-10508-DT

 VS.        DISTRICT JUDGE MARIANNE O. BATTANI

DOUG VASBINDER,    MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

        Defendants.
_____

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION:** Plaintiff's IFP status should be revoked, and these actions should be **DISMISSED WITHOUT PREJUDICE** to Plaintiff refiling the action and submitting the filing fee, pursuant to 28 U.S.C. § 1915(g).

In No. 08-10483 Defendants' Motion to Revoke Plaintiff's IFP Status (docket no. 18) should be **GRANTED.**

In No. 08-10507 Defendant's Motion to Revoke Plaintiff's IFP status (docket no. 9) should be **GRANTED.**

In No. 08-10508 Defendants' Motion to Revoke Plaintiff's IFP status (docket no. 13) should be **GRANTED.**

**II. REPORT:**

    **A. Facts and Procedural History**

These matters come before the Court on the Defendants' Motions to Revoke Plaintiff's IFP status because he has had three or more prior dismissals which qualify as "strikes" pursuant to 28 U.S.C. § 1915(g). (No. 08-10483, docket no. 18; No. 08-10507, docket no. 9; No. 08-10508, docket no. 13). Plaintiff has responded.[1] (No. 08-10483, docket no. 23). The Court dispenses with oral argument on these motions. E.D. Mich. LR 7.1(e). All three motions have been referred to the undersigned for decision. These motions are now ready for ruling.

Plaintiff is a Michigan state prisoner who filed these three civil rights complaints pursuant to 42 U.S.C. § 1983 within a few days of each other in February 2008. In case number 08-10483 Plaintiff complains that Defendants at the Adrian Correctional Facility denied him medical care, one

---

[1] In case numbers 08-10507 and 08-10508 Plaintiff did not submit a response, and the time for responding has now expired.

correctional officer "planted" a razor blade in Plaintiff's cell knowing that Plaintiff would be placed in segregation when it was found, and Defendants denied him the right to file grievances. In case number 08-10507 Plaintiff complains that Defendant Douglas was deliberately indifferent to Plaintiff's serious medical need by authorizing Plaintiff's transfer to another prison which lasted about a week before Plaintiff was returned. In case number 08-10508 Plaintiff complains that Defendants denied him access to health care in retaliation for Plaintiff's exercise of his First Amendment rights. Plaintiff was granted *in forma pauperis* status in each of these cases. Defendants move in each case for Plaintiff's IFP status to be revoked because Plaintiff has had three or more previous dismissals for cases being frivolous or failing to state a claim and may not proceed as a pauper absent a showing that he is in imminent danger of physical injury. 28 U.S.C. § 1915(g).

Defendants rely on the same three prior dismissals as evidence of the three strikes in each of these cases. The first case is *Vandiver v. Evans*, No. 03-CV-152 (W.D. Mich. May 13, 2003). The second case is *Vandiver v. Kelley*, No. 98-CV-250 (W.D. Mich. Apr. 16, 1999). The final case is *Vandiver v. Avery*, No. 89-CV-73166 (W.D. Mich. Nov. 27, 1990).

**B.****Governing Law**

Section 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### C. Previous Dismissals

Plaintiff's only argument directed toward his previous dismissals is that the dismissal in *Vandiver v. Avery* was improper because the law was not clearly established at the time. (No. 08-10483, docket no. 23). This is an argument going to the merits of the dismissal which is not cognizable in this action. That argument should have been raised in that action. Judge Steeh determined on April 30, 2008 that Plaintiff had suffered three qualifying dismissals under section 1915(g) and the dismissals relied upon for that finding are the same dismissals relied upon by Defendants in these actions. *Vandiver v. Terrill*, No. 08-10487 (E.D. Mich. Apr. 30, 2008). In that case Judge Steeh revoked Plaintiff's IFP status and dismissed the action for failure to pay the full filing fee. Therefore, the Court finds that Plaintiff has suffered three previous dismissals which qualify as strikes under section 1915(g). He may not proceed IFP in these actions unless he shows that he is in imminent danger of serious physical injury.

### D. Imminent Danger of Serious Physical Injury

Plaintiff argues that he is under imminent danger of serious physical injury because correctional officer Rose set him up with a razor and put Plaintiff in imminent danger. (No. 08-10483, docket no. 23). Plaintiff fails to show that this placed him in imminent danger of serious physical injury. It may have placed him in danger of being punished for possession of the razor, but there is no showing that it placed Plaintiff in danger of serious physical injury. In addition, there is no showing of imminent danger of serious physical injury in Plaintiff's other two cases. Accordingly, Plaintiff has failed to show that he is or was under imminent danger of serious physical injury.

Because Plaintiff has had three or more actions dismissed while he was a prisoner which qualify under section 1915(g), and because he has failed to establish that he is under imminent danger of serious physical injury, he may not proceed IFP in these actions. 28 U.S.C. § 1915(g). These actions should therefore be dismissed without prejudice. *See Wilson v. 52nd District Court*, 2002 WL 1009561 (E.D. Mich. Apr. 25, 2002) (revoking IFP status and dismissing complaint without prejudice to refiling upon payment of filing fee).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 25, 2008        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

       I hereby certify that a copy of this Report and Recommendation was served upon Jerry Vandiver and Counsel of Record on this date.

Dated: June 25, 2008        s/ Lisa C. Bartlett
                            Courtroom Deputy